Case 3:20-cv-00422-MMD-WGC   Document 35   Filed 11/05/21   Page 1 of 3

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JOEY GARCIA, | Case No.: 3:20-cv-00422-MMD-WGC |
| Plaintiff, | **ORDER** |
| v. | Re: ECF No. 34 |
| AMBROSE, *et al.*, | |
| Defendants. | |

Before the court is Plaintiff's Motion for Appointment of Counsel (ECF No. 34). Plaintiff bases his motion on the fact that (1) he is proceeding in forma pauperis and not able to afford counsel, (2) Plaintiff's imprisonment will greatly limit his ability to litigation this case, (3) the issues involved in the case are complex and will require significant research and investigation, (4) Plaintiff has "limited access to the law library and limited knowledge of the law," (5) a trial in this case will likely involve "conflicting testimony, and counsel would better enable plaintiff to present evidence and cross examine witnesses," and (6) Plaintiff has made repeated attempts and efforts to obtain a law, and has been unsuccessful. (*Id.* at 1.)

///

While any *pro se* inmate such as Mr. Garcia would likely benefit from services of counsel, that is not the standard this court must employ in determining whether counsel should be appointed. *Wood v. Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990).

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The United States Supreme Court has generally stated that although Congress provided relief for violation of one's civil rights under 42 U.S.C. § 1983, the right to access to the courts is only a right to bring complaints to federal court and not a right to discover such claims or even to litigate them effectively once filed with a court. *Lewis v. Casey*, 518 U.S. 343, 354-355 (1996).

In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will grant such a request, however, are exceedingly rare, and the court will grant the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such exceptional or extraordinary circumstances requires that the court evaluate both the likelihood of Plaintiff's success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn, supra,* 789 F.2d at 1331. Thus far, Plaintiff has been able to successfully articulate his claims.

In the matter of a case's complexity, the Ninth Circuit in *Wilborn* noted that:

> If all that was required to establish successfully the complexity of the relevant issues was a demonstration of

> the need for development of further facts, practically all cases would involve complex legal issues. Thus, although Wilborn may have found it difficult to articulate his claims *pro se*, he has neither demonstrated a likelihood of success on the merits nor shown that the complexity of the issues involved was sufficient to require designation of counsel.

The Ninth Circuit therefore affirmed the District Court's exercise of discretion in denying the request for appointment of counsel because the Plaintiff failed to establish the case was complex as to facts or law. 789 F.2d at 1331.

The substantive claims involved in this action are not unduly complex. Plaintiff's Complaint was allowed to proceed on the Fourteenth Amendment excessive force claim against Defendant Ambrose, the state law claim for IIED against Defendant Ambrose, the Fourteenth Amendment equal protection violations against Defendant Ambrose, and the First Amendment retaliation claim against Defendant Ambrose. (ECF No. 18 at 10.) These claims are not so complex that counsel needs to be appointed to prosecute them.

Similarly, with respect to the *Terrell* factors, Plaintiff has failed to convince the court of the likelihood of success on the merits of his claims. Plaintiff has not provided any evidence, nor has he made any argument in his motion for appointment of counsel, showing that he is likely to prevail on the merits of his claim.

In the exercise of the court's discretion, it **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 34).

**IT IS SO ORDERED.**

Dated: November 5, 2021.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE